# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| George Dean, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE NO.: |
| v. ) | |
| ) | |
| Source Receivables Management, ) | |
| LLC, a North Carolina limited ) | |
| liability company, ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMAND |

# COMPLAINT

Plaintiff, George Dean, brings this action for damages against Defendant, Source Receivables Management, LLC, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq.,* and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. Moreover, Defendant's business dealings here make it subject to this Court's general jurisdiction.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant transacts business here.

1

## PARTIES

3. Plaintiff, George Dean ("Dean"), is a citizen of the State of Georgia, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed for a T-Mobile USA account.

4. Defendant, Source Receivables Management, LLC, is a North Carolina limited liability company ("SRM"), that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the U.S. Mail and/or the telephone and/or credit reporting to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. SRM operates a defaulted debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Georgia.

5. In fact, Defendant SRM was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant SRM conducts business in Georgia.

7. Defendant SRM maintains a registered agent in Georgia, see, record from the Georgia Secretary of State, attached as Exhibit A.

## FACTUAL ALLEGATIONS

8. Due to financial difficulties, Mr. Dean was unable to pay his debts, including a debt he allegedly owed for a T-Mobile USA account that he had taken

out for personal, family or household purposes. Sometime after this debt went into default, it was allegedly purchased/obtained by Defendant who then attempted to collect the debt from Mr. Dean via, among other means, a negative credit report.

9. Defendant also attempted to collect the debt from Mr. Dean by sending him a collection letter dated June 5, 2024, demanding payment of the T-Mobile USA debt. A copy of this collection letter is attached as Exhibit B.

10. Unsure about Defendant, as well as the amount of the debt, Mr. Dean had his attorney write to Defendant on June 17, 2024, to inform Defendant that Mr. Dean was represented by counsel and to note that he questioned the correctness of the T-Mobile USA debt that Defendant was trying to collect from him. A copy of this email letter is attached as Exhibit C.

11. Mr. Dean's attorney's letter was sent to and received by Defendant SRM at the email address listed on its corporate website for contact. A screenprint of which is attached as Exhibit D. This email letter was not returned as undeliverable.

12. On July 23, 2024, Mr. Dean obtained and reviewed a copy of his TransUnion credit report, which showed that Defendant had continued to report the T-Mobile USA debt but had failed to note that the debt was disputed. The pertinent part of Mr. Dean's TransUnion credit report is attached as Exhibit E.

13. Accordingly, on July 25, 2024, Mr. Dean had to take the additional time, effort, and/or expense to have another attorney write Defendant a letter to re-assert that he disputed the debt that Defendant was trying to collect from him. A copy of this letter is attached as Exhibit F.

14. Defendant's violations of the FDPA were material because Defendant's failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report, harmed his credit reputation impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed, made it appear to Plaintiff that he did not actually have the right to dispute the debt.

15. Furthermore, § 1692e(8) of the FDCPA's command that a debt collector must communicate that a disputed debt is disputed is rooted in the common law principles of defamation/fraud, namely that, if a debt collector elects to communicate credit information about a consumer, it must not omit a material piece of information -- that the debt is disputed.

16. Defendant's collection actions negatively impacted Mr. Dean's credit score and cost him time, effort and/or expense to try and correct Defendant's actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, LLC, 60 F.4th 642, 649 (11th Cir. 2023).

17. All of Defendant's collection actions at issue in this matter occurred within one year of the date of this

## COUNT I
### Violation Of § 1692e (8) Of The FDCPA –
### Failing To Report That A Disputed Debt Is Disputed

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("…the following conduct is a violation of this section…including the failure to communicate that a disputed debt is disputed…"); see also, Ewing v. Med-1 Solutions, 24 F.4th 1146 (7th Cir. 2022); Evans v. Portfolio Recovery Associates, 889 F.3d 337, 346 (7th Cir. 2018); Sayles v. Advanced Recovery Systems, 865 F.3d 246, 249-250 (5th Cir. 2017); and Brady v. Credit Recovery, 160 F.3d 64, 65 (1st Cir. 1998).

20. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by the consumer, and failing to report that the debt was disputed, used false, deceptive or misleading means to collect or attempt to collect a debt, in violation of § 1692e(8) of the FDCPA.

21. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

24. Defendant, by continuing to report the debt to a credit reporting agency, when it knew the debt was disputed by Plaintiff, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

25. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of The Fair Business Practices Act

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." OCGA § 10-1-391(a).

28. A violation of the FDCPA also constitutes a violation of the FBPA. 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457 (2007). Gilmore v. Account Management, Inc., 357 Fed.Appx. 218 (11th Cir. 2009).

29. Defendant's acts violated the FBPA.

30. Defendant's acts in violation of the FDCPA and FBPA were intentional.

31. Pursuant to the FBPA, Defendant is liable to Plaintiff for an award of three times Plaintiff's damages and exemplary damages.

32. Pursuant to the FBPA, Plaintiff is entitled to an award against Defendant for reasonable attorneys' fees and expenses of litigation.

## PRAYER FOR RELIEF

Plaintiff, George Dean, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA and FBPA.

2. Enter judgment in favor of Plaintiff Dean, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA;

3.  Enter judgment in favor of Plaintiff Dean, and against Defendant, for treble and exemplary damages, costs, and reasonable attorneys' fees as provided by the FBPA; and,

4.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, George Dean, demands trial by jury.

Respectfully submitted, this 3rd day of September, 2024

By: s/ Steven H. Koval
Steven H. Koval
Georgia Bar No. 428905
Attorney for Plaintiff
The Koval Firm, LLC
3575 Piedmont Road
15 Piedmont Center
Suite 120
Atlanta, Georgia 30305
(404) 513-6651
(404) 549-4654 (FAX)
steve@kovalfirm.com

By: s/ David J. Philipps
David J. Philipps
(Ill. Bar No. 06196285)
(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in LR 5.1(B). The foregoing COMPLAINT FOR DAMAGES was prepared on a computer, using Times New Roman 14 point font.

This 3rd day of September, 2024.

By: s/ Steven H. Koval____
Steven H. Koval
Georgia Bar No. 428905
Attorney for Plaintiff
The Koval Firm, LLC
3575 Piedmont Road
15 Piedmont Center
Suite 120
Atlanta, Georgia 30305
(404) 513-6651
(404) 549-4654 (FAX)
steve@kovalfirm.com